UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JUDITH CARRION,

                      Plaintiff,                      **COMPLAINT**

                                                        **08 CV 6270 (RJS)**

   -against-                             **JURY TRIAL DEMANDED**

                                                       **ECF CASE**

THE CITY OF NEW YORK, P.O. SIEDLIK JACOB, Shield
No. 23307, Individually and in his Official Capacity, and P.O.s
"JOHN" and "JANE DOE" #1-10, Individually and in their Official
Capacities, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                      Defendants.
------------------------------------------------------------------------------X

      Plaintiff JUDITH CARRION, by her attorney, JON L. NORINSBERG, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C.§ 1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343.

### VENUE

      4.     Venue is properly laid in the Southern District of New York under U.S.C. §1391(b),

in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JUDITH CARRION is an African American female, a citizen of the United States, and at all times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. SIEDLIK JACOB, and P.O.s "JOHN" and "JANE DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant the City of New York.

**FACTS**

13. On September 19, 2007, at approximately 9:15 p.m., plaintiff JUDITH CARRION was lawfully parked in her vehicle in front of 2520 Park Avenue, in the County of the Bronx, in the City and State of New York.

14. At the aforesaid time and place, plaintiff JUDITH CARRION was waiting for a friend to arrive when she was suddenly approached by a uniformed police officer, P.O. "John Doe".

15. P.O. "JOHN DOE" demanded to see a license and registration from Ms. Carrion, which she readily produced.

16. After briefly stepping away, P.O. "JOHN DOE" returned to the scene and demanded that plaintiff JUDITH CARRION step out of the vehicle.

17. Thereafter, P.O. "JOHN DOE" forcibly grabbed plaintiff JUDITH CARRION and placed her in handcuffs.

18. Plaintiff JUDITH CARRION then asked P.O. "JOHN DOE" for an explanation as to why she was being placed under arrest.

19. P.O. "JOHN DOE" refused to offer any explanation, stating only that the subject vehicle was "stolen."

20. Upon hearing this, plaintiff JUDITH CARRION explained to P.O. "JOHN DOE" that it was impossible that the vehicle was stolen, as it had been lawfully purchased and financed by plaintiff's mother.

21. P.O. "JOHN DOE" refused to listen to plaintiff JUDITH CARRION, and instead forcibly pushed her into a police van, and placed her under arrest.

22.     In, connection with plaintiff's arrest, P.O. "JOHN DOE" filled out false and misleading police reports, and forwarded these reports to prosecutors in the Bronx County District Attorney's Office.

23.     Notwithstanding the unlawful actions of P.O "JOHN DOE", on September 20, 2007, all charges against plaintiff JUDITH CARRION were dropped.

24.     As a result of this unlawful arrest, plaintiff JUDITH CARRION was forced to spend 24 hours in jail.

25.     As a result of the foregoing, plaintiff JUDITH CARRION sustained, <u>inter alia</u>, severe emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28.     All of the aforementioned acts deprived plaintiff JUDITH CARRION of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision

of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of defendants' aforementioned conduct, plaintiff JUDITH CARRION was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants misrepresented and falsified evidence before the District Attorney.

37. Defendants did not make a complete and full statement of facts to the District Attorney.

38. Defendants withheld exculpatory evidence from the District Attorney.

39. Defendants misrepresented and falsified evidence before the Grand Jury.

40. Defendants did not make a complete and full statement of facts to the Grand Jury.

41. Defendants withheld exculpatory evidence from the Grand Jury.

42. Defendants were directly and actively involved in the initiation of criminal proceedings against Ms. Carrion.

43. Defendants lacked probable cause to initiate criminal proceedings against Ms. Carrion.

44. Defendants acted with malice in initiating criminal proceedings against Ms. Carrion.

45. Defendants were directly and actively involved in the continuation of criminal proceedings against Ms. Carrion.

46. Defendants lacked probable cause to continue criminal proceedings against Ms. Carrion.

47. Defendants acted with malice in continuing criminal proceedings against Ms. Carrion.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

49. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Ms. Carrion's favor on September 20, 2007, when all charges against her were dropped.

50. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants issued legal process to place plaintiff JUDITH CARRION under arrest.

53. Defendants arrested plaintiff JUDITH CARRION in order to obtain a collateral objective outside the legitimate ends of the legal process.

54. Defendants acted with intent to do harm to plaintiff JUDITH CARRION, without excuse or justification.

55. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**FIFTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" as if the same were more fully set forth at length herein.

57. Defendants created false evidence against plaintiff JUDITH CARRION.

58. Defendants forwarded false evidence and false information to prosecutors in the Bronx District Attorney's office.

59. In creating false evidence against plaintiff JUDITH CARRION, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

60. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**SIXTH CLAIM FOR RELIEF**
**UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983**

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. While in custody of the New York City Police Department, plaintiff JUDITH CARRION was subjected to an unlawful strip-search.

63. Defendants strip-searched plaintiff JUDITH CARRION in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

64. As a result of the foregoing, plaintiff JUDITH CARRION was subjected to an illegal and improper strip-search.

65. The foregoing unlawful cavity search and strip search violated plaintiff JUDITH CARRION's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### SEVENTH CLAIM FOR RELIEF
### DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS UNDER 42 U.S.C. § 1983

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants unlawfully seized plaintiff JUDITH CARRION's motor vehicle, and have failed to return said vehicle.

68. As a result of the aforementioned conduct of defendants, plaintiff JUDITH CARRION was deprived of her property without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

### EIGHTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "68" as if the same were more fully set forth at length herein.

70. Defendants arrested and incarcerated Ms. Carrion in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

73. The aforementioned customs, policies, usages, practices, procedures and rules of the The City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully stopping and detaining African-Americans based on racial profiling, and providing pretextual reasons for making such unlawful stops;

   b) fabricating evidence against African-Americans erroneously arrested during routine traffic stops;

   c) falsely arresting African-Americans wrongfully apprehended during routine traffic stops;

   d) falsely arresting African-Americans despite the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

74. The existence of the aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department may be inferred from the following:

   a) The Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting From the New York Police Department's 'Stop & Frisk' Practices."

   b) Office of the Attorney General of the State of New York, Civil Rights Bureau's December 1, 1999 report entitled "New York City Police Department's 'Stop & Frisk'" Practices: A Report to the People of the State of New York from the Office of the Attorney General."

75. The foregoing customs, policies, usages, practices, procedures and rules of the City

of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JUDITH CARRION.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by JUDITH CARRION as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JUDITH CARRION as alleged herein.

78. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JUDITH CARRION was falsely arrested and imprisoned for approximately 24 hours.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JUDITH CARRION.

80. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JUDITH CARRION's constitutional rights.

81. All of the foregoing acts by defendants deprived plaintiff JUDITH CARRION of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    Not to be deprived of property without the process of law;

    C.    To be free from seizure and arrest not based upon probable cause;

    D.    To be free from searches not based upon probable cause;

    E.    To be free from unwarranted and malicious criminal prosecution;

    F.    Not to have cruel and unusual punishment imposed upon him; and

    G.    To receive equal protection under the law.

Case 1:08-cv-06270-RJS     Document 1     Filed 07/11/2008     Page 11 of 11

82.     As a result of the foregoing, plaintiff JUDITH CARRION is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff JUDITH CARRION demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs and disbursements of this action.

Dated: New York, New York
        July 10, 2008

                                                          BY:_____/S_____
                                                                JON  L.  NORINSBERG (JN-2133)
                                                                Attorney for Plaintiff
                                                                225 Broadway, Suite 2700
                                                                New York, N.Y. 10007
                                                                (212) 791-5396