


SO ENDORSED

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | STEVE STAVRIDIS<br>*Special Federal Litigation Division*<br>(212) 788-8698<br>(212) 788-9776 (fax) |

August 4, 2008



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/08

**BY HAND**
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Carrion v. City of New York, et al., 08-cv-06270-RJS

Your Honor:

    I am the Assistant Corporation Counsel representing defendant City of New York in the referenced action. I am writing to request an extension of the City's time to answer or otherwise respond to the complaint from August 4, 2008 to October 3, 2008.[1] I have contacted my adversary about this request and he has consented to the extension.

    There are several reasons for seeking the extension. In her complaint, plaintiff alleges, *inter alia*, that she was falsely arrested and prosecuted by New York City Police Officers. It is our understanding that the underlying criminal action and police records have been sealed pursuant to New York Criminal Procedure Law § 160.50. As such, we need additional time to obtain an authorization from the plaintiffs allowing us to secure the sealed records so that we could properly assess the case and answer the complaint. We have forwarded the necessary authorization to plaintiff for execution and are awaiting its return.

    The enlargement will allow this office time to conduct an inquiry to determine whether it could represent the police officer defendant in this action. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). The officer

---

[1] Upon information and belief, defendant police officer Sieldlick Jacob was served with process and his answer is August 11, 2008. This office has not spoke with Officer Jacob about the manner of service and we make no representation as to the adequacy of process. Although this office does not currently represent this defendant, and assuming he was properly served, this office respectfully requests this extension on his behalf, in order that his defenses are not jeopardized while representational issues are being decided.

must then decide whether he wishes to be represented by the Corporation Counsel, see Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). Only then can this office interview him for the purposes of responding to the complaint on his behalf.

No previous request for an extension has been made by either party. An initial conference has not been scheduled in this case and so the extension will not cause a delay in litigation. Accordingly, it is respectfully requested that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint from August 4, 2008 to October 3, 2008.

I thank the Court for its consideration to this request.

Respectfully submitted,

Steve Stavridis
Special Federal Litigation Division

Request granted. Defendants' time in which to answer or otherwise respond to the Complaint is extended to October 3, 2008. No further extensions will be granted absent truly compelling circumstances.

SO ORDERED
Dated: 8/5/08

RICHARD J. SULLIVAN
U.S.D.J.

cc: Jon Norinsberg, Esq. (By Hand)
    Attorney for Plaintiff

- 2 -